## Richmond

### SAMUEL ELWOOD CUBBAGE v. DELORIS RUBY MEADOWS.

January 20, 1975.

Record No. 740245.

Present, All the Justices.

*W. W. Wharton (Phillip C. Stone; Wharton, Aldhizer & Weaver,* on brief), for plaintiff in error.

*James G. Welsh (Wayt B. Timberlake, Jr.; Timberlake, Smith, Thomas & Moses,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

Samuel Elwood Cubbage (Cubbage or plaintiff) filed a civil action against Deloris Ruby Meadows (Meadows or defendant) for personal injury and property damage which the plaintiff alleged he sustained in an automobile crash on April 24, 1971.

Plaintiff appeals from a final order entered by the trial court upon a jury verdict in favor of defendant.

The crash occurred in the Town of Elkton, Rockingham County, when plaintiff's car, which was traveling east on Route 623, collided with defendant's westbound car. Plaintiff and his wife testified that the crash occurred as plaintiff, who was giving a left turn signal, was making a left turn from Route 623 into Route 759 after passing the center of the intersection of the highways. Plaintiff said he first saw defendant's car only eight or ten feet before impact.

Defendant and her witnesses testified that the crash occurred a short distance west of the intersection when plaintiff drove his car across the center of the road and struck the defendant's car. Meadows testified that she stopped at the stop sign controlling westbound traffic on Route 623. While so stopped, she observed the plaintiff's eastbound car some 200 to 250 feet away approaching the intersection at an undetermined speed. Because her view of Route 759 to the north was obstructed by a building, she drove ahead slowly, looking to her right for traffic on Route 759. Seeing none, she proceeded through the intersection to the point where the vehicles collided. She testified that she did not again observe plaintiff's car until a moment before the wreck and after she had cleared the intersection, at which time plaintiff drove across the center of Route 623 and struck defendant's car on its left side.

Walter Bradley, a town policeman called to the scene before the vehicles were moved after the crash, placed both cars near a manhole which was a few feet west of the intersection. Bradley testified that "the front end [of the Meadows car was] on the edge of the grass just off the pavement and his [Cubbage's car] was sitting in the street." The front wheels of the Cubbage car were in the westbound lane and its rear wheels in the eastbound lane of the highway. The left front fender of the Cubbage car was damaged. The Meadows two-door sedan sustained damage to its left side, principally to the door.

The evidence shows that stop signs were posted which required all traffic on Route 759 and westbound traffic on Route 623 to stop before entering the intersection. No stop sign was posted for eastbound traffic on Route 623. The crash occurred during daylight on a clear, dry afternoon. The speed limit was 35 miles per hour. The blacktop pavement of Route 623, which

flared at the intersection, was 20 feet wide west of the intersection and 18 feet wide east of the intersection.

 While conceding his contributory negligence to be a jury issue, plaintiff contends that the trial court erred, based on Meadows' testimony, in failing to instruct the jury as a matter of law that the defendant was guilty of negligence which was a proximate cause of the crash. His counsel argues that Cubbage, who had the right of way and was giving a signal, had the right to assume that other traffic would heed the stop signs and would not enter the intersection until Cubbage, the favored driver, had passed through the intersection. He also argues that Meadows' testimony shows that she failed to keep a proper lookout and that this was a proximate cause of the accident.

We find this argument to be without merit. The defendant was required to stop at the stop sign, Code § 46.1-173. The uncontradicted evidence shows that she did so. After stopping, it was the defendant's duty to keep a proper lookout and to exercise such degree of care in the operation of her car as a reasonably prudent person would have exercised under the same or similar circumstances. She would not be guilty of negligence as a matter of law if, while exercising such care, she entered the intersection under the belief that she had time and opportunity to safely cross the intersection. *Temple* v. *Ellington,* 177 Va. 134, 142, 12 S.E.2d 826, 828-29 (1941). The fact that the plaintiff had the right of way did not relieve him of the duty of exercising reasonable care to keep a proper lookout to avoid a collision at the intersection. *Hogan* v. *Miller,* 156 Va. 166, 177, 157 S.E. 540, 544 (1931).

Here the evidence was in sharp conflict. If the jurors accepted the testimony of Meadows and her witnesses, they reasonably could have concluded that Mrs. Meadows exercised ordinary care in entering and crossing the intersection and that the crash was caused by the negligence of Cubbage. If the jurors accepted the evidence of Cubbage and his wife, they reasonably could have concluded that Meadows did not exercise such care and that her negligence proximately caused the collision. In such circumstances, where reasonable men might differ, a jury issue is presented. *Fisher* v. *Gordon,* 210 Va. 523, 526, 171 S.E.2d 835, 838 (1970).

 Plaintiff next claims that the trial court erred in granting Instruction 11, a finding instruction which set forth the

plaintiff's duty under two of the signal statutes, Code §§ 46.1-216, 217.[1] He first argues, as he argued below, that these statutes have no application to the case because the plaintiff was approaching the intersection from the only direction not controlled by a stop sign.

These statutes, designed to facilitate the prompt, safe and orderly flow of traffic upon our highways, are clear and unambiguous upon their face. Whenever a driver intends to perform one of the acts therein mentioned and sees, in the exercise of reasonable care, that such act is likely to affect the operation of another vehicle, the law imposes a duty upon that driver to give the requisite signal and the fact that he has the right of way does not relieve him of that duty.

The plaintiff argues, in the alternative, that the instruction should not have been given as the uncontroverted evidence shows that the plaintiff gave the required signal. Since no objection on this ground was made in the trial court we will not entertain it here. Rule 5:7, Rules of Court.

For these reasons the judgment of the trial court is

*Affirmed.*

---

[1] § 46.1-216. ... Every driver who intends to start, back, stop, turn or partly turn from a direct line shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give such signals as are required in §§ 46.1-217, 46.1-218 or 46.1-220, plainly visible to the driver of such other vehicle, of his intention to make such movement.

§ 46.1-217. (a) The signal required by § 46.1-216 shall be given by means of the hand and arm or by some mechanical or electrical device approved by the Superintendent, in the manner herein specified . . . .

(b) Wherever the lawful speed is more than thirty-five miles per hour such signals shall be given continuously for a distance of at least one hundred feet, and in all other cases at least fifty feet, before slowing down, stopping, turning, partly turning or materially altering the course of the vehicle.